# EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| EDUARDO OLIVO (State Bar No. 150363)<br>13181 Crossroads Parkway North, Suite 340, City of Industry, CA 91746<br><br>TELEPHONE NO.: (562) 697-2440          FAX NO. : (562) 697-2443<br>EMAIL ADDRESS: eolivo@olivo-law.com<br>ATTORNEY FOR *(Name)*: Plaintiff, Tarra Castillo | ELECTRONICALLY FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br>10/30/2024 12:54 PM<br>By: Mariah Mora, DEPUTY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN BERNARDINO**
STREET ADDRESS: 247 West 3rd St
MAILING ADDRESS: 247 West 3rd St
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: San Bernardino Justice Center - Civil Division

CASE NAME:
Tarra Castillo v. A Place for Mom, Inc.

| **CIVIL CASE COVER SHEET** | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000) | [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | CIVSB2432917 |
| | | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2.  This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties
    b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
    c. [ ] Substantial amount of documentary evidence
    d. [ ] Large number of witnesses
    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4.  Number of causes of action *(specify):* 3: Discrim. Based on Disability; Retaliation (GC 12940 (m)(2)); Retaliation (GC 12940 (h))
5.  This case [ ] is   [x] is not   a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 30, 2024

Eduardo Olivo                                                        ► *Eduardo Olivo*
_____                    _____
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                              CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

---

CM-010 [Rev. January 1, 2024]                    **CIVIL CASE COVER SHEET**                    **Page 2 of 2**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Tarra Castillo

vs.

A Place for Mom, Inc.

Case No.: CIVSB2432917

## CERTIFICATE OF ASSIGNMENT

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the San Bernardino Justice - Clvil     District of the Superior Court under Rule131 and General Order of this court for the checked reason:

☑ General            ☐ Collection

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district . |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other _____ | _____ |
| ☒ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

Location of Incident                                              7203 Evening Star Rose Ct.

NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR        ADDRESS

Oak Hills                          CA                          92344

CITY                           STATE                       ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on October 30, 2024        at City of Industry _____, California.

*Eduardo Olivo*

Signature of Attorney/Party

**OLIVO & ASSOCIATES**
EDUARDO OLIVO (STATE BAR NO. 150363)
13181 CROSSROADS PARKWAY NORTH, STE. 340
INDUSTRY, CALIFORNIA 91746
TELEPHONE: (562) 697-2440
FACSIMILE: (562) 697-2443

ATTORNEY FOR PLAINTIFF,
TARRA CASTILLO

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
10/30/2024 12:54 PM
By: Mariah Mora, DEPUTY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| TARRA CASTILLO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>A PLACE FOR MOM, INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.    CIVSB2432917<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. DISCRIMINATION ON THE BASIS OF DISABILITY [Gov. Code §§ 12940 (a)];<br><br>2. RETALIATION ON THE BASIS OF REQUEST FOR ACCOMMODATION [Gov. Code § 12940 (m) (2)]; and<br><br>3. RETALIATION FOR OPPOSING PRACTICES FORBIDDEN BY FEHA [Gov. Code §§ 12940 (h)]; and<br><br>**DEMAND FOR JURY TRIAL** |

OLIVO & ASSOCIATES
13181 Crossroads Parkway North, Suite 340
City of Industry, CA 91746

1

_____
COMPLAINT FOR DAMAGES

**PARTIES**

1.    At all times relevant to this complaint, Plaintiff TARRA CASTILLO ("Ms. Castillo" or "Plaintiff") was an individual who resided in the County of San Bernardino, California.

2.    Ms. Castillo is informed and believes, and thereon alleges, that Defendant A PLACE FOR MOM, INC. ("Defendant APFM") is a corporation established under the laws of the State of Delaware, and was at all times relevant herein, doing business in the State of California. Defendant APFM's principal place of business address is 530 Fifth Avenue, 25th Floor, New York, NY 66211.

3.    The true names, capacities, corporate, associate or otherwise of defendants named herein as DOES 1 through 20, inclusive, are unknown to Ms. Castillo who, therefore, sues said defendants by fictitious names.  Ms. Castillo will amend this Complaint to show the true names and capacities of such persons when they have been ascertained. Defendant APFM and DOES 1 through 20 are at times herein jointly referred to as "Defendants."

4.    Ms. Castillo is informed and believes and thereon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences, discriminatory and wrongful acts alleged herein, and that Ms. Castillo's damages as alleged herein were proximately caused by those defendants.

5.    Ms. Castillo is informed and believes, and thereon alleges that at all times herein mentioned, each of the defendants, including the fictitiously named defendants, were the agents, servants, representatives, alter egos and/or employees of each of the remaining defendants, and in doing some of the things alleged hereinafter, were acting within the course and scope of their authority as such agents and/or employees, managers, supervisors, managing agents, or officers of defendants, and with the permission, consent and ratification of each other defendant.  Ms. Castillo further alleges that the acts and conduct of said defendants, as hereinafter alleged, were intentional, harassing and or retaliatory.

6.    Ms. Castillo further alleges on information and belief that the acts of each of the defendants was fully ratified by each and all of the defendants. Specifically, and without

2
_____
COMPLAINT FOR DAMAGES

limitation, Ms. Castillo alleges on information and belief that the actions, violations of law, failures to act, breaches, conspiracy, and misrepresentations alleged herein and attributed to one or more of the specific defendants were approved, ratified and done with the cooperation and knowledge of each and all of the defendants.

<u>**VENUE AND JURISDICTION**</u>

7.      In 2014, Ms. Castillo was hired by APFM as a remote worker.  From 2014 up to the time of her termination on November 27, 2023, Ms. Castillo worked out of her home, in the County of San Bernardino, with the knowledge, consent, and direction of APFM.  At the time of her termination, Ms. Castillo's home was located at 7203 Evening Star Rose Ct., Oak Hills, County of San Bernardino, CA 92344.  At the time of her termination, Ms. Castillo was a Regional Sales Director, whose duties included managing a team of APFM employees who worked in or around the County of San Bernardino.  "But for" the unlawful termination in this case, Ms. Castillo would have continued to work remotely, with APFM's consent, from her home in the County of San Bernardino. Thus, this Court has jurisdiction over this action, and this Fair Employment and Housing Act (FEHA) case is properly filed in the County of San Bernardino.  (*Malloy v. Superior Court of the Los Angeles Superior Court* (2022) 83 Cal.App.5th 543, 556-557.)

8.      Plaintiff seeks damages that exceed the jurisdictional minimum of $25,000 for this Court.

<u>**EXHAUSTION OF ADMINISTRATIVE REMEDIES**</u>

9.      On October 25, 2024, Ms. Castillo filed a complaint with the State of California Civil Rights Department (the "CRD") which alleges discrimination and retaliation because of her physical disability, and because of her request for an accommodation for her disability.  Ms. Castillo's CRD Matter Number is 202410-26816525.  The CRD issued Ms. Castillo a Right to Sue letter on October 25, 2024, which provided Ms. Castillo with one year to file suit. [The Right to Sue Letter is attached hereto as **Exhibit 1**.]  This suit is brought within one year of the issuance of Ms. Castillo's Right to Sue letter.  Accordingly, Ms. Castillo has exhausted her administrative remedies prior to filing this lawsuit.

OLIVO & ASSOCIATES
13181 Crossroads Parkway North, Suite 340
City of Industry, CA 91746

3

**FACTUAL ALLEGATIONS**

10.    In July of 2014, Ms. Castillo was hired by APFM as a Community Relations Advisor.  APFM is a  privately held, for-profit senior care referral service.  APFM refers people in need of senior care to facilities that provide such services in the area where the senior is located. The senior care facilities that end up providing services to the senior then pay APFM a referral fee.

11.    Ms. Castillo was hired by APFM as a remote worker.  She worked out of her home in the County of San Bernardino, with the knowledge, consent, and direction of APFM, during all times relevant herein, including at the time of her termination on November 27, 2023.  At the time of her termination, Ms. Castillo's home was located at 7203 Evening Star Rose Ct., Oak Hills, County of San Bernardino, CA 92344.

12.    As a Community Relations Advisor, Ms. Castillo was responsible for increasing referrals from her assigned territories, and for delivering on the target quotas established by APFM.  Ms. Castillo performed her job well.  She exceeded her target quotas and received merit increases throughout her employment.

13.    Between July 2014 and September 24, 2017, Ms. Castillo was supervised directly by John Young.  On September 24, 2017, Ms. Castillo was promoted to the position of Regional Sales Director – Community Relations.  Kathleen Elster, the Regional Vice President, became Ms. Castillo's direct supervisor at that time.

14.    As a Regional Sales Director, Ms. Castillo managed and mentored a team of APFM Community Relations Advisors.  Ms. Castillo continued to perform her job well.  She received good performance reviews  and merit increases throughout her employment.  For example, several months before her termination, Ms. Castillo received a merit increase in recognition of her "hard work, passion and dedication."

15.    On February 20, 2023, Ms. Castillo experienced excessive bleeding caused by a cyst that would eventually require her to undergo a total hysterectomy.  APFM was advised that Ms. Castillo's job duties needed to be modified between February 20, 2023 and March 20, 2023 -- she was not able to travel during this period.  Ms. Castillo was nevertheless able to continue performing her job duties, and continued to perform them well.

OLIVO & ASSOCIATES
13181 Crossroads Parkway North, Suite 340
City of Industry, CA  91746

4

OLIVO & ASSOCIATES
13181 Crossroads Parkway North, Suite 340
City of Industry, CA 91746

16.     On May 4, 2023, Ms. Castillo advised APFM that she required a medical leave of absence (she required surgery).  Ms. Castillo advised APFM that, pursuant to her doctor, she needed a leave of absence from May 30, 2023 to July 10, 2023.  APFM approved Ms. Castillo's request for leave under the Family Medical Leave Act (FMLA).

17.     Ms. Elster was upset because Ms. Castillo was requesting a significant amount of time off from work.  Ms. Elster questioned why Ms. Castillo needed six weeks of medical leave.  She told Ms. Castillo that she was hoping the leave of absence would only be for two weeks.  Ms. Elster stated, "We need to let your doctors know that you need to be back to work. Who's going to cover your team?"

18.     Ms. Castillo informed Ms. Elster that she required a total hysterectomy, and that her doctor had advised that she required at least six weeks to recuperate.  Ms. Elster was upset by Ms. Castillo's response.  Ms. Elster required Ms. Castillo to find someone to cover her team before going on her leave of absence. Ms. Castillo did so.

19.     On May 30, 2023, Ms. Castillo began her leave of absence.

20.     While she was out on medical leave, Ms. Castillo was notified by another APFM employee that Ms. Elster had initiated an investigation against Ms. Castillo.  Ms. Elster was accusing Ms. Castillo of having created APFM business cards that were not approved by the company.  This was false.

21.     The subject business cards had been created by another APFM employee, and had been used for at least 10 years.  The business cards were being used by various employees, including Ms. Elster.  Ms. Elster had actually told other employees to order the subject business cards and had provided them with ordering information.  APFM's Human Resources Department was advised by another employee that Ms. Elster's accusations against Ms. Castillo were untrue.  Rebecca Bursky from APFM's Human Resources Department informed Ms. Castillo that she would not be getting into any trouble in connection with the business card issue.

22.     Ms. Castillo required more time to recover from her surgery than anticipated.  On July 10, 2023, Ms. Castillo therefore informed APFM that, pursuant to her doctor, she required additional leave from work, from July 10, 2023 to July 16, 2023.  Ms. Castillo also advised APFM

5

_____
COMPLAINT FOR DAMAGES

that she required modified duty between July 17, 2023 and July 24, 2023; she was restricted from driving, and pushing, pulling, or carrying more than 15 pounds.

23.    When Ms. Castillo returned to work on July 16, 2023, she had a Zoom meeting with all of APFM's Regional Sales Directors. Ms. Elster also attended the meeting. However, Ms. Elster would not speak to Ms. Castillo. After Ms. Castillo returned to work, Ms. Elster had also failed to respond to emails and text messages that Ms. Castillo was sending to her regarding work matters. This went on for four days after Ms. Castillo returned from her leave of absence.

24.    On or about July 20, 2023, Ms. Elster then criticized Ms. Castillo for: not following company policy regarding the business cards that had been the subject of Ms. Elster's prior investigation; not properly managing members of her team; and communicating unprofessionally – because she had used the term "OMG" in an email. Ms. Castillo was not told that this conversation was part of any disciplinary action.

25.    On or about July 21, 2023, Ms. Castillo complained to Ms. Elster's supervisor, James Thorman. Ms. Castillo reported that Ms. Elster had become upset with her because she needed to take the extended medical leave of absence; falsely accused her of misconduct regarding the business cards; had initiated the investigation regarding the business cards in response to Ms. Castillo taking the leave of absence; and appeared to be upset at Ms. Castillo after she had returned from her leave of absence. Ms. Castillo complained that Ms. Elster was retaliating against her because she had required the medical leave of absence.

26.    APFM failed to investigate Ms. Castillo's complaint. Mr. Thurman simply responded that he "did not think that was what was going on."

27.    Ms. Castillo experienced complications after her surgery. On July 24, 2023, she advised APFM that, pursuant to her doctor, her modified duty needed to be extended to August 1, 2023. On August 12, 2023, Ms. Castillo also advised APFM that she needed to take that day off of work, and that she was restricted from travelling for between August 13, 2023 and August 20, 2023. Ms. Castillo was still able to perform all of her job duties, and continued to perform them well.

OLIVO & ASSOCIATES
13181 Crossroads Parkway North, Suite 340
City of Industry, CA 91746

6
_____
COMPLAINT FOR DAMAGES

28. On October 25, 2023, Ms. Elster questioned Ms. Castillo about a sales lead report that showed that Ms. Castillo had sourced a sales lead to one of her team member's accounts. The software used by APFM would identify the facility connected to the sales lead, but not the specific APFM account. Consistent with past practice and instruction directly from Ms. Elster, Ms. Castillo had credited the sales lead to the correct APFM account. However, Ms. Elster now advised Ms. Castillo that she should be sending such leads to another APFN division, so that they could assign the lead. Ms. Castillo agreed to comply with this new instruction.

29. On November 1, 2023, Ms. Elster emailed Ms. Castillo that she was following up on sales lead reports for the prior month. These additional leads had also been assigned correctly by Ms. Castillo before Ms. Elster's new processing instruction. Ms. Elster asked Ms. Castillo to provide information about the additional sales lead reports. On November 8, 2023, Ms. Castillo responded that she would do so. APFM never advised Ms. Castillo that Ms. Elster's inquiries related to any allegation of misconduct (there was none) or any potential discipline matter.

30. Later on November 8, 2023, Ms. Castillo was out "in the field" with one of her team members. Ms. Castillo became dizzy and fainted. She saw her doctor later that same evening. Ms. Castillo advised APFM that, pursuant to her doctor, she needed to be off of work between November 8, 2023 and November 23, 2023, due to her medical condition. The team member who was with Ms. Castillo when she had fainted, later advised that he tested positive for COVID. Ms. Castillo was then tested, and learned that she had also contracted COVID. On November 20, 2023, Ms. Castillo advised APFM that, pursuant to her doctor, she needed to be off work from November 23, 2023 to December 3, 2023.

31. On November 27, 2023, while she was out on medical leave, APFM informed Ms. Castillo that she was being terminated. APFM advised that they were terminating Ms. Castillo's employment because she had not provided the information for the sales leads requested by Ms. Elster on November 8, 2023. Later that same day, APFM told Ms. Castillo's team that she had abandoned her job -- Ms. Elster stated that APFM did not know Ms. Castillo's whereabouts. APFM then told Ms. Castillo's team that they had terminated her employment. Later that same

_____
COMPLAINT FOR DAMAGES

OLIVO & ASSOCIATES
13181 Crossroads Parkway North, Suite 340
City of Industry, CA 91746

day, Ms. Elster also told Ms. Castillo's team that APFM had terminated Ms. Castillo after having conducted a thorough investigation.

### FIRST CAUSE OF ACTION
**Discrimination On The Basis Of Disability**
[Violation of Gov. Code § 12940 (a)]
(Against All Defendants)

32.    Plaintiff hereby refers to and incorporates by reference all prior paragraphs as though fully set forth in this cause of action.

33.    Government Code section 12940(a), which is part of FEHA, makes it unlawful for an employer, "because of the … physical disability… of any person, … to bar or to discharge the person from employment … or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

34.    Pursuant to Government Code section 12926 (m), "physical disability" includes having any physiological disorder or condition that affects the  musculoskeletal system and limits a major life activity, being regarded or treated by the employer as having, or having had, any physical condition that: makes achievement of a major life activity difficult; or that has no present disabling effect but may become a physical disability.

35.    APFM employs five or more persons and is considered to be an "employer" under Government Code sections 12926 (d) and 12940 (j) (4) (A).  At all relevant times, Ms. Elster and Mr. Thorman were members of APFM's management team.  APFM's management team members are "supervisors" under Government Code section 12926 (t).  Ms. Castillo is also an employee under FEHA.

36.    Ms. Castillo was required to take several leaves of absence throughout her employment with APFM, because of her physical disabilities.  On February 20, 2023, Ms. Castillo informed APFM that her job duties needed to be modified between February 20, 2023 and March 20, 2023, because of her medical issues.  Ms. Castillo was still able to perform her job duties, and continued performing them well.

37.    On May 4, 2023, Ms. Castillo advised APFM that she required a medical leave of absence (for a surgery) from May 30, 2023 to July 10, 2023.  APFM approved Ms. Castillo's

OLIVO & ASSOCIATES
13181 Crossroads Parkway North, Suite 340
City of Industry, CA  91746

8

_____
COMPLAINT FOR DAMAGES

request for leave under the FMLA. However, Ms. Castillo's direct supervisor, Ms. Elster, was upset that Ms. Castillo needed six weeks of medical leave. Ms. Elster appeared to be upset that Ms. Castillo's absence would potentially, negatively impact APFM's business operations.

38.     While Ms. Castillo was out on medical leave, Ms. Elster initiated an investigation of Ms. Castillo based on the false allegation that Ms. Castillo had improperly used unapproved business cards. The investigation stopped after another employee advised APFM's Human Resources Department that Ms. Elster's accusations were untrue.

39.     Ms. Castillo required more time to recover from her surgery than originally anticipated. She informed APFM that, pursuant to her doctor, she required additional leave from work, from July 10, 2023 to July 16, 2023.

40.     On July 16, 2023, Ms. Castillo returned to work. Ms. Elster was upset at Ms. Castillo and ignored her for the next four days. Ms. Elster failed to speak to Ms. Castillo during this period, and failed to respond to emails and text messages that Ms. Castillo was sending to her regarding work matters.

41.     On or about July 20, 2023, Ms. Elster then criticized Ms. Castillo for not following company policy regarding use of the alleged unapproved business cards. Ms. Elster also criticized Ms. Castillo's management of her team members, and stated that she had communicated unprofessionally because she had used the term "OMG" in an email.

42.     On or about July 21, 2023, Ms. Castillo complained to Ms. Elster's supervisor, James Thorman, that Ms. Elster was retaliating against her because she had required the medical leave of absence. APFM failed to investigate Ms. Castillo's complaint.

43.     On July 24, 2023, Ms. Castillo advised APFM that her modified duty needed to be extended. On August 12, 2023, Ms. Castillo advised APFM that she needed to take that day off, and that she was restricted from travelling for work until August 20, 2023. Ms. Castillo was still able to perform all of her job duties, and she continued to perform them well.

44.     On October 25, 2023, Ms. Elster questioned Ms. Castillo about a sales lead report that showed that Ms. Castillo had sourced a sales lead to one of her team member's accounts. Consistent with past instruction from Ms. Elster, Ms. Castillo had correctly credited the sales lead.

OLIVO & ASSOCIATES
13181 Crossroads Parkway North, Suite 340
City of Industry, CA 91746

9

_____
COMPLAINT FOR DAMAGES

Ms. Elster now advised Ms. Castillo that she should be sending such leads to another APFN division, so that they could assign the lead. Ms. Castillo agreed to do so.

45. On November 1, 2023, Ms. Elster emailed Ms. Castillo that she was following up on additional sales lead reports. These leads had also been assigned correctly by Ms. Castillo before Ms. Elster's new instruction. Ms. Elster asked Ms. Castillo to provide information about the additional lead reports. On November 8, 2023, Ms. Castillo responded that she would do so.

46. Later on November 8, 2023, Ms. Castillo became dizzy and fainted while working. Ms. Castillo's doctor advised APFM that Ms. Castillo needed to be off of work between November 8, 2023 and November 23, 2023. On November 20, 2023, Ms. Castillo's doctor advised APFM that Ms. Castillo needed to be off work from November 23, 2023 to December 3, 2023.

47. On November 27, 2023, while she was out on medical leave, APFM informed Ms. Castillo that she was being terminated. APFM stated that they were terminating Ms. Castillo because she had failed (while on medical leave) to provide information for the sales leads reports requested by Ms. Elster on November 8, 2023. Later that same day, APFM falsely told Ms. Castillo's team that she had abandoned her job and that they did not know her whereabouts. APFM then told Ms. Castillo's team that they had terminated her employment, and that they had done so after having conducted a thorough investigation.

48. APFM discriminated against Ms. Castillo because she had a physical disability and had requested accommodation for her physical disability. APFM became upset that Ms. Castillo required leaves of absences from work because of her physical disabilities. APFM then attacked Ms. Castillo by falsely accusing her of misconduct at the workplace.

49. APFM's reasons for terminating Ms. Castillo were pretextual. Ms. Castillo did nothing wrong in connection with the sales lead reports. Ms. Castillo had performed her job well throughout the years. She had received positive performance evaluations, merit increases, and awards for her job performance. APFM's true motivation was to discriminate and retaliate against Ms. Castillo because she had a physical disability, and/or because she had requested accommodation, in the form of a leaves of absence.

10

_____
COMPLAINT FOR DAMAGES

OLIVO & ASSOCIATES
13181 Crossroads Parkway North, Suite 340
City of Industry, CA 91746

50.     The fact that Ms. Castillo had a physical disability was a substantial motivating factor for APFM's discrimination and retaliation against Ms. Castillo, and for her termination.

51.     As a direct, foreseeable, and proximate result of APFM's conduct, as alleged above, Ms. Castillo has suffered and continues to suffer economic damages, anxiety, embarrassment, anger, loss of enjoyment of life, and emotional distress, the precise amount of which will be proven at trial. Defendants' discriminatory conduct was a substantial factor in causing the aforementioned harm.

52.     The aforementioned conduct by defendants was carried out by them willfully, intentionally, and with oppression, malice, and fraud and was carried out with conscious disregard of Ms. Castillo's rights; as such, Ms. Castillo is entitled to an award of the exemplary damages according to proof. The aforementioned conduct on which punitive damages is alleged, was done with the advanced knowledge by an officer, director and/or managing agent of APFM. The alleged conduct on which punitive damages is alleged, was authorized, ratified and/or committed by an officer, director, and/or managing agent of APFM. By failing to take adequate remedial measures, APFM ratified the wrongful conduct and are guilty of oppression, fraud, and malice. Ms. Castillo is informed and believes and thereon alleges that this act of oppression, fraud and malice or ratification was on the part of an officer, director, or managing agent of APFM.

53.     Under the FEHA, Ms. Castillo is entitled to an award of reasonable attorney's fees and costs.

### SECOND CAUSE OF ACTION
**Retaliation On The Basis Of Request For Accommodation**
[Violation of Gov. Code § 12940 (m) (2)]
(Against All Defendants)

54.     Plaintiff hereby refers to and incorporates by reference all prior paragraphs as though fully set forth in this cause of action.

55.     Government Code section 12940 (m) (2) makes it unlawful for an employer "to, in addition to the employee protections provided pursuant to subdivision (h), retaliate or otherwise discriminate against a person for requesting accommodation under this subdivision, regardless of whether the request was granted."

11
_____
COMPLAINT FOR DAMAGES

56.    Ms. Castillo was required to take several leaves of absence throughout her employment with APFM, in order to accommodate her physical disabilities.  On May 4, 2023, Ms. Castillo informed APFM that she required a medical leave of absence for a surgery, from May 30, 2023 to July 10, 2023.  APFM approved Ms. Castillo's request for leave under the FMLA.  However, Ms. Castillo's direct supervisor, Ms. Elster, was upset that Ms. Castillo needed six weeks of medical leave; because her absence would impact APFM's business operations.

57.    While Ms. Castillo was out on medical leave, Ms. Elster initiated an investigation of Ms. Castillo based on the alleged improper use of unauthorized business cards.  The allegations being made by Ms. Elster were false.  The investigation was terminated after another employee advised that Ms. Elster's accusations were untrue.

58.    Ms. Castillo's leave of absence was extended to July 16, 2023, because she required more time to recover from her surgery.  After Ms. Castillo returned to work, Ms. Elster was upset at her and ignored her for four days.

59.    On or about July 20, 2023, Ms. Elster then criticized Ms. Castillo for not following company policy regarding her use of the business cards that had been the subject of Ms. Elster's earlier investigation.  Ms. Elster also criticized Ms. Castillo's management of her team members, and stated that she had communicated unprofessionally because she had used the term "OMG" in an email.

60.    On or about July 21, 2023, Ms. Castillo complained to Ms. Elster's supervisor, James Thorman, that Ms. Elster was retaliating against her because she had required the medical leave of absence.  APFM failed to investigate Ms. Castillo's complaint.

61.    Thereafter, Ms. Castillo required extensions of her modified duty status.  She was still able to perform all of her job duties, and continued to perform them well.

62.    On October 25, 2023, Ms. Elster questioned Ms. Castillo about a sales lead report that showed that Ms. Castillo had sourced a sales lead to one of her team member.  Ms. Castillo had correctly credited the sales lead report, consistent with past practice and instruction from Ms. Elster.  However, Ms. Elster now provided new processing instructions for assignment of the sales leads.

12
_____
COMPLAINT FOR DAMAGES

OLIVO & ASSOCIATES
13181 Crossroads Parkway North, Suite 340
City of Industry, CA  91746

63.    On November 1, 2023, Ms. Elster advised Ms. Castillo that she was following up on additional sales lead reports.  These leads had also been assigned correctly by Ms. Castillo before Ms. Elster's new processing instruction.  Ms. Elster requested that Ms. Castillo provide information about these additional reports.  On November 8, 2023, Ms. Castillo indicated she would do so.

64.    Later on November 8, 2023, Ms. Castillo became dizzy and fainted while working.  Ms. Castillo informed APFM that, pursuant to her doctor, she needed to be off of work between November 8, 2023 and November 23, 2023.  On November 20, 2023, Ms. Castillo advised APFM that, pursuant to her doctor, her leave of absence needed to be extended until December 3, 2023.

65.    On November 27, 2023, while Ms. Castillo was out on medical leave, APFM informed her that her employment was being terminated.  APFM advised that they were terminating Ms. Castillo because she had failed (while on medical leave) to provide the information for the sales leads requested by Ms. Elster on November 8, 2023.  Later that same day, APFM falsely told Ms. Castillo's team that she had abandoned her job, that they did not know her whereabouts, and then that APFM had terminated her employment after conducting a thorough investigation.

66.    APFM discriminated and retaliated against Ms. Castillo because she had had requested accommodation in the form of leaves of absences for her physical disability.  APFM became upset that Ms. Castillo required the accommodations.  APFM then attacked Ms. Castillo by falsely accusing her of misconduct at the workplace.

67.    APFM's reasons for terminating Ms. Castillo were pretextual.  APFM's true motivation was to retaliate against Ms. Castillo because she had requested accommodations, in the form of various leaves of absence, for her physical disabilities.

68.    Ms. Castillo's requests for, and need for accommodation, was a substantial motivating factor for APFM's retaliation against Ms. Castillo, and for her termination.

69.    As a direct, foreseeable, and proximate result of APFM's conduct, as alleged above, Ms. Castillo has suffered and continues to suffer economic damages, anxiety, embarrassment, anger, loss of enjoyment of life, and emotional distress, the precise amount of which will be

13

_____
COMPLAINT FOR DAMAGES

proven at trial. Defendants' discriminatory conduct was a substantial factor in causing the aforementioned harm.

70. The aforementioned conduct by defendants was carried out by them willfully, intentionally, and with oppression, malice, and fraud and was carried out with conscious disregard of Ms. Castillo's rights; as such, Ms. Castillo is entitled to an award of the exemplary damages according to proof. The aforementioned conduct on which punitive damages is alleged, was done with the advanced knowledge by an officer, director and/or managing agent of APFM. The alleged conduct on which punitive damages is alleged, was authorized, ratified and/or committed by an officer, director, and/or managing agent of APFM. By failing to take adequate remedial measures, APFM ratified the wrongful conduct and are guilty of oppression, fraud, and malice. Ms. Castillo is informed and believes and thereon alleges that this act of oppression, fraud and malice or ratification was on the part of an officer, director, or managing agent of APFM.

71. Under the FEHA, Ms. Castillo is entitled to an award of reasonable attorney's fees and costs.

**THIRD CAUSE OF ACTION**
**Retaliation For Opposing Practices Forbidden by FEHA**
[Violation of Gov. Code § 12940 (h)]
(Against All Defendants)

72. Plaintiff hereby refers to and incorporates by reference all prior paragraphs as though fully set forth in this cause of action.

73. Government Code section 12940 (h), which is part of FEHA, makes it unlawful for an employer "to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part…"

74. Ms. Castillo was required to take several leaves of absence, in order to accommodate her physical disabilities, throughout her employment. APFM approved the leaves of absences. However, Ms. Castillo's direct supervisor was upset that Ms. Castillo needed extended leaves of absence.

75. While Ms. Castillo was out on medical leave, APFM initiated a baseless investigation of Ms. Castillo based on false allegations of improper use of unapproved business

OLIVO & ASSOCIATES
13181 Crossroads Parkway North, Suite 340
City of Industry, CA 91746

14
_____
COMPLAINT FOR DAMAGES

cards. The investigation was stopped when another APFM employee reported that the allegations against Ms. Castillo were untrue.

76. After Ms. Castillo returned to work for her leave of absence, her supervisor, Ms. Elster was upset and ignored her for several days. Ms. Elster then criticized Ms. Castillo for not following company policy regarding the business cards that had been the subject of Ms. Elster's earlier investigation. Ms. Elster also told Ms. Castillo that she was not properly managing members of her team, and that she communicated unprofessionally because she had used the term "OMG" in an email.

77. On or about July 21, 2023, Ms. Castillo complained to Ms. Elster's supervisor, James Thorman, that Ms. Elster was retaliating against her because she had required the medical leave of absence. APFM failed to investigate the complaint.

78. Thereafter, on October 25, 2023, Ms. Elster questioned Ms. Castillo about a sales lead report. Ms. Castillo had correctly credited the sales lead to the correct APFM account, and had done so consistent with past instruction by Ms. Elster. Ms. Elster now provided Ms. Castillo with different processing instruction. Ms. Castillo agreed to comply with the new instruction. Ms. Castillo was not advised that she had engaged in any wrongful conduct (she had not) regarding the sales leads.

79. On November 1, 2023, Ms. Elster emailed Ms. Castillo that she was following up on additional sales lead reports. These leads had also been assigned correctly by Ms. Castillo before Ms. Elster's new processing instruction. Ms. Elster asked Ms. Castillo to provide information about these additional lead reports. On November 8, 2023, Ms. Castillo emailed that she would do so. Again, Ms. Castillo was not advised that she had engaged in any wrongful conduct (she had not) regarding the sales leads.

80. Later on November 8, 2023, Ms. Castillo had to take a leave of absence because she had fainted while at work. She was required to take a leave of absence between November 8, 2023 and December 3, 2023.

81. On November 27, 2023, while Ms. Castillo was out on medical leave, APFM told her that she was being terminated. APFM stated that they were terminating Ms. Castillo because

OLIVO & ASSOCIATES
13181 Crossroads Parkway North, Suite 340
City of Industry, CA 91746

15

_____
COMPLAINT FOR DAMAGES

she had failed (while on medical leave) to provide the back up for the sales leads requested by Ms. Elster on November 8, 2023.  Later that same day, APFM falsely told Ms. Castillo's team that she had abandoned her job, that APFM did not know her whereabouts, and then that Ms. Castillo had been terminated after APFM had conducted a thorough investigation.

82.     APFM retaliated against Ms. Castillo because she had complained about and opposed the fact that Ms. Elster was retaliating against her because she had a physical disability, and had required accommodations for her disability.  APFM attacked Ms. Castillo by falsely accusing her of misconduct at the workplace.  APFM then terminated Ms. Castillo, based on claims that she had failed to timely respond to a request for information – while she was out on medical leave.

83.     APFM's reasons for terminating Ms. Castillo were pretextual.  APFM's true motivation was to retaliate against Ms. Castillo because she had complained that Ms. Elster was retaliating against her because she had a physical disability, and required accommodation in the form of several leaves of absence.

84.     As a direct, foreseeable, and proximate result of APFM's conduct, as alleged above, Ms. Castillo has suffered and continues to suffer economic damages, anxiety, embarrassment, anger, loss of enjoyment of life, and emotional distress, the precise amount of which will be proven at trial.  Defendants' discriminatory conduct was a substantial factor in causing the aforementioned harm.

85.     The aforementioned conduct by defendants was carried out by them willfully, intentionally, and with oppression, malice, and fraud and was carried out with conscious disregard of Ms. Castillo's rights; as such, Ms. Castillo is entitled to an award of the exemplary damages according to proof.  The aforementioned conduct on which punitive damages is alleged, was done with the advanced knowledge by an officer, director and/or managing agent of APFM.  The alleged conduct on which punitive damages is alleged, was authorized, ratified and/or committed by an officer, director, and/or managing agent of APFM.  By failing to take adequate remedial measures, APFM ratified the wrongful conduct and are guilty of oppression, fraud, and malice.

OLIVO & ASSOCIATES
13181 Crossroads Parkway North, Suite 340
City of Industry, CA  91746

16

_____
COMPLAINT FOR DAMAGES

Ms. Castillo is informed and believes and thereon alleges that this act of oppression, fraud and malice or ratification was on the part of an officer, director, or managing agent of APFM.

86.    Under the FEHA, Ms. Castillo is entitled to an award of reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1.    For compensatory damages according to proof;

2.    For general damages, according to proof;

3.    For special damages according to proof;

4.    For reasonable attorney's fees according to proof;

5.    For exemplary and punitive damages as allowed by law and according to proof;

6.    For costs of suit incurred herein;

7.    For pre-judgment and post-judgment interest; and

8.    For such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated:  October 30, 2024                           **OLIVO & ASSOCIATES**

                                            *Eduardo Olivo*

                              BY _____
                                            EDUARDO OLIVO
                                            Attorney for Plaintiff,
                                            TARRA CASTILLO

OLIVO & ASSOCIATES
13181 Crossroads Parkway North, Suite 340
City of Industry, CA  91746

17
_____
COMPLAINT FOR DAMAGES

# EXHIBIT 1



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

## Civil Rights Department

KEVIN KISH, DIRECTOR

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

October 25, 2024

Tarra Castillo
7203 Evening Star Rose Ct Oak Hills
Oak Hills, CA 92344

RE:    **Notice of Case Closure and Right to Sue**
       CRD Matter Number: 202410-26816525
       Right to Sue: Castillo / A Place for Mom, Inc.

Dear Tarra Castillo:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective October 25, 2024 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Civil Rights Department

CRD - ENF 80 RS (Revised 2024/05)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Tarra Castillo                                                                CRD No. 202410-26816525

                                                    Complainant,

vs.

A Place for Mom, Inc.
120 Park Avenue Floor 25
New York, NY 10017

                                                    Respondents

_____

1. Respondent **A Place for Mom, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Tarra Castillo**, resides in the City of **Oak Hills,** State of **CA.**

3. Complainant alleges that on or about **November 27, 2023,** respondent took the following adverse actions:

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated.

**Additional Complaint Details:** In July of 2014, Tara Castillo was hired by a Place for Mom (hereafter, "APFM") as a Community Relations Advisor.  APFM is a  privately held, for-profit senior care referral service.  APFM refers people in need of senior care to facilities that provide such services in the area where the senior is located.  The senior care facilities that end up providing services to the senior then pay APFM a referral fee.
Ms. Castillo was hired by APFM as a remote worker.  She worked out of her home in the County of San Bernardino, with the knowledge and consent of APFM, during all times relevant herein, including at the time of her termination.  At that time of her termination, Ms. Castillo's home was located 7203 Evening Star Rose Ct, Oak Hills, CA 92344.

-1-
*Complaint – CRD No. 202410-26816525*

Date Filed: October 25, 2024

CRD-ENF 80 RS (Revised 2024/05)

As the Community Relations Advisor, Ms. Castillo was responsible for increasing referrals from her assigned territories and delivering on the target quotas established by APFM. Ms. Castillo performed her job well. She exceeded her target quotas and received merit increases throughout her employment.

Between July 2014 and September 24, 2017, Ms. Castillo was supervised directly by John Young. On September 24, 2017, Ms. Castillo was promoted to the position of Regional Sales Director – Community Relations. Kathleen Elster, the Regional Vice President, became her direct supervisor at that time.

As the Regional Sales Director, Ms. Castillo managed and mentored a team of APFM Community Relations Advisors. Ms. Castillo continued to perform her job well. She received good performance reviews from Ms. Elster, and merit increases throughout her employment.

On February 20, 2023, Ms. Castillo experienced excessive bleeding caused by a cyst that would eventually require a total hysterectomy. APFM was advised that Ms. Castillo's job duties needed to be modified between February 20, 2023 and March 20, 2023 -- she was not able to travel during this period. Ms. Castillo was nevertheless able to continue performing her job duties, and continued to perform them well.

On May 4, 2023, Ms. Castillo advised APFM that she required a medical leave of absence (Ms. Castillo required surgery). She advised APFM that she needed a leave of absence from May 30, 2023 to July 10, 2023. APFM approved Ms. Castillo's request for leave under the Family Medical Leave Act (FMLA).

Ms. Elster was upset because Ms. Castillo was going to take a significant amount of time off from work. Ms. Elster questioned why Ms. Castillo needed six weeks of leave. Ms. Elster told Ms. Castillo that she was hoping her leave of absence would only be for two weeks. Ms. Elster stated, "We need to let your doctors know that you need to be back to work. Who's going to cover your team?"

Ms. Castillo informed Ms. Elster that she required a total hysterectomy and that her doctor advised that she required at least six weeks to recuperate. Ms. Elster appeared to be upset by Ms. Castillo's response. Ms. Elster advised Ms. Castillo that she was required to find someone to cover her team before she started her leave of absence. Ms. Castillo spoke to a colleague who was able to cover for her while she was off of work.

On May 30, 2023, Ms. Castillo began her leave of absence. Ms. Castillo had surgery at Kaiser Hospital in Ontario.

While she was out on medical leave, Ms. Castillo was notified by another APFM employee that Ms. Elster had initiated an investigation against Ms. Castillo. Ms. Elster was accusing Ms. Castillo of having created APFM business cards that were not approved by the company. This was false.

The subject business cards had been created by another APFM employee, and had been used for at least 10 years. The business cards were being used by various employees, including Ms. Elster. Ms. Elster had actually told other employees to order the subject business cards, and had provided them with ordering information. APFM's Human Resources Department was advised of these facts by another employee, and was advised that Ms. Elster's accusations against Ms. Castillo were untrue. Rebecca Bursky from APFM's Human Resources Department informed Ms. Castillo that she would not be getting into any trouble regarding the business card issue.

-2-

*Complaint – CRD No. 202410-26816525*

Date Filed: October 25, 2024

CRD-ENF 80 RS (Revised 2024/05)

Ms. Castillo required more time to recover from her surgery than originally anticipated. On July 10, 2023, Ms. Castillo's doctor advised that she required additional leave from work, from July 10, 2023 to July 16, 2023. Ms. Castillo's doctor also advised that Ms. Castillo required modified duty between July 17, 2023 and July 24, 2023; she was restricted from driving, and pushing, pulling, or carrying more than 15 pounds.

On July 16, 2023, Ms. Castillo was able to return to work. When she returned, Ms. Castillo had a Zoom meeting that included all of APFM's Regional Sales Directors. Ms. Elster, who also attended the meeting, would not speak to Ms. Castillo. After Ms. Castillo returned to work, Ms. Elster also failed to respond to emails and text messages that Ms. Castillo was sending to her regarding work matters. This went on for four days after Ms. Castillo returned from her leave of absence.

On or about July 20, 2023, Ms. Elster orally criticized Ms. Castillo for not following company policy regarding the use by her and her team of the business cards that had not been approved by APFM, of not properly managing members of her team, and for the manner in which she had communicated in an email – because she had used the term "OMG." Ms. Castillo was not advised that this conversation was any part of a disciplinary action.

On or about July 21, 2023, Ms. Castillo complained to James Thorman (Ms. Elster's supervisor) about Ms. Elster's conduct. Ms. Castillo advised Mr. Thorman that Ms. Elster had become upset with her because she needed to take the extended medical leave of absence. She told Mr. Thorman that Ms. Elster had falsely accused her of misconduct regarding the business cards and had initiated the investigation, and that Ms. Elster appeared to be upset at Ms. Castillo after she had returned from her medical leave. Ms. Castillo complained that Ms. Elster was retaliating against her because she had required the medical leave of absence.

APFN failed to investigate Ms. Castillo's complaint. Mr. Thurman simply responded that he "did not think that was what was going on." He advised Ms. Castillo that the best way to handle the matter was for Ms. Castillo to directly confront Ms. Elster about the issue.

Ms. Castillo experienced complications after her surgery. On July 24, 2023, Ms. Castillo's doctor advised that her modified duty needed to be extended to August 1, 2023. On August 12, 2023, Ms. Castillo's doctor advised that she needed to take the day off of work, and that she was restricted from travelling for work between August 13, 2023 and August 20, 2023. Ms. Castillo was still able to perform all of her job duties, and continued to perform them well.

On October 25, 2023, Ms. Elster questioned Ms. Castillo about a sales lead report that showed that Ms. Castillo had sourced a sales lead to one of her team member's accounts. The software used by APFM would identify the facility connected to the sales lead, but not the APFM specific account. Consistent with past practice and instruction from Ms. Elster, Ms. Castillo had credited the lead to the correct APFM account. However, Ms. Elster now advised Ms. Castillo that she should be sending such leads to another APFN division, so that they could assign the lead. Ms. Castillo agreed to comply with this new instruction.

On November 1, 2023, Ms. Elster advised Ms. Castillo that she was following up on sales lead reports for the prior month. These leads had also been assigned correctly by Ms. Castillo to the correct APFM account, before Ms. Elster's new processing instruction. Ms. Elster asked Ms. Castillo to provide information about these additional sales lead reports. On November 8, 2023, Ms. Castillo advised that she would do so.

-3-
*Complaint – CRD No. 202410-26816525*

Date Filed: October 25, 2024

CRD-ENF 80 RS (Revised 2024/05)

Later on November 8, 2023, Ms. Castillo was out in the field with one of her team members. Ms. Castillo became dizzy and fainted. She went to see her doctor that same evening. Ms. Castillo's doctor advised that Ms. Castillo needed to be off of work between November 8, 2023 and November 23, 2023, due to her medical condition. The team member who was with Ms. Castillo later advised that he had tested positive for COVID. Ms. Castillo was then tested and confirmed that she had also contracted COVID. On November 20, 2023, Ms. Castillo's doctor advised that Ms. Castillo needed to be off work from November 23, 2023 to December 3, 2023.

On November 27, 2023, while Ms. Castillo was out on medical leave, APFM informed Ms. Castillo that her employment was being terminated. APFM advised that they were terminating Ms. Castillo because she had failed to provide the back up for the sales leads requested by Ms. Elster on November 8, 2023. Later that same day, APFM told Ms. Castillo's team that she had abandoned her job -- Ms. Elster told Ms. Castillo's team that APFM did not know Ms. Castillo's whereabouts. APFM then told Ms. Castillo's team that they had terminated her employment. Later that same day, Ms. Elster told Ms. Castillo's team that APFM had terminated Ms. Castillo after they had conducted a thorough investigated.

-4-

*Complaint – CRD No. 202410-26816525*

Date Filed: October 25, 2024

CRD-ENF 80 RS (Revised 2024/05)

VERIFICATION

I, **Eduardo Olivo**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On October 25, 2024, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Industry, California**

-5-
*Complaint – CRD No. 202410-26816525*

Date Filed: October 25, 2024

**CRD-ENF 80 RS (Revised 2024/05)**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

A PLACE FOR MOM, INC. a Delaware corporation; and DOES 1 through 20, Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TARRA CASTILLO, an individual,

|  |
|---|
| *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |
| ELECTRONICALLY FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br>11/18/2024<br>By: Mariah Mora, DEPUTY |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Bernardino Justice Center - Civil<br><br>247 West 3rd Street<br>San Bernardino, CA 92415 | CASE NUMBER:<br>*(Número del Caso):*<br><br>CIVSB2432917 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Eduardo Olivo: 13181 Crossroads Pkwy North, Ste.340, City of Industry, CA 91746, (562) 697-2440

| DATE:<br>*(Fecha)*    11/18/2024 | Clerk, by<br>*(Secretario)* | /s/ Mariah Mora | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| Castillo -v- A Place for Mom, Inc. et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number |
| | CIVSB2432917 |

Olivo & Associates
13181 Crossroads Parkway North
3rd Floor Suite 340
City of Industry CA  91746

This case has been assigned to:   David E Driscollin Department S22 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date:  5/19/2025 at 8:30 AM in Department S22 - SBJC

Date:  11/18/2024                               By: _____
                                                          Mariah Mora, Deputy Clerk

-----------------------------------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------------------------------

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☐ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☒ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐ A copy of this notice was given to the filing party at the counter.

☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing:  11/18/2024

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 11/18/2024 at San Bernardino, CA.

By: _____
       Mariah Mora, Deputy Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| OLIVO & ASSOCIATES<br>Eduardo Olivo SBN 150363<br>13181 CROSSROADS PARKWAY NORTH, STE. 340<br>INDUSTRY, CALIFORNIA 91746<br>TELEPHONE NO: (562) 697-2440    FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: erodriguez@olivo-law.com<br>ATTORNEY FOR *(Name)*: Plaintiff | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br><br>**NOV 20 2024**<br><br>BY _____ MARIAH MOR..._ |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   San Bernardino
STREET ADDRESS:   247 West 3rd St
MAILING ADDRESS:
CITY AND ZIP CODE:   San Bernardino, 92415
BRANCH NAME:   San Bernardino-Justice Center

| PLAINTIFF / PETITIONER:   Tarra Castillo | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   A Place for Mom, Inc., et al. | CIVSB2432917 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>12195514 (24162022) |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [ ] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*:   Certificate of Assignment
3. a. Party served *(specify name of party as shown on documents served)*:
      A Place for Mom, Inc., a Delaware corporation
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      CSC Lawyers Incorporating Service - Maddie Bright - Person Authorized to Accept Service of Process
4. Address where the party was served:
   2710 Gateway Oaks Drive Suite 150N, Sacramento, CA 95833
5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:   Tue, Nov 19 2024          (2) at *(time)*:   01:43 PM
   b. [ ] **by substituted service.** On *(date)*:                at *(time)*:                I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
         from *(city)*:                      or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Page 1 of 2<br>Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF / PETITIONER:   Tarra Castillo | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   A Place for Mom, Inc., et al. | CIVSB2432917 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):*             (2)  from *(city):*

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☐  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of *(specify):*

  c.  ☐  as occupant.

  d.  ☒  On behalf of *(specify):*   A Place for Mom, Inc., a Delaware corporation

    under the following Code of Civil Procedure section:

    ☒  416.10 (corporation)        ☐  415.95 (business organization, form unknown)

    ☐  416.20 (defunct corporation)     ☐  416.60 (minor)

    ☐  416.30 (joint stock company/association)  ☐  416.70 (ward or conservatee)

    ☐  416.40 (association or partnership)   ☐  416.90 (authorized person)

    ☐  416.50 (public entity)         ☐  415.46 (occupant)

    ☐  other:

7.  **Person who served papers**

  a.  Name:          Tyler Di Maria

  b.  Address:       1400 North McDowell Blvd Suite 300, Petaluma, CA  94954

  c.  Telephone number:   800-938-8815

  d.  **The fee** for service was:  $40.00

  e.  I am:

    (1)  ☐  not a registered California process server.

    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3)  ☒  a registered California process server:

      (i)  ☐ owner  ☐ employee  ☒ independent contractor

      (ii)  Registration No:   2006-006

      (iii)  County:  Sacramento

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   November 20, 2024

Tyler Di Maria
_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 North McDowell Blvd Suite 300,
Petaluma, CA  94954
800-938-8815

_____
(SIGNATURE)