**OLIVO & ASSOCIATES**
EDUARDO OLIVO, State Bar No. 150363
13181 Crossroads Parkway North, Suite 340
City of Industry, California 91746
Telephone: (562) 697-2440
Facsimile: (562) 697-2443
eolivo@olivo-law.com

Attorney for Plaintiff and Cross-Defendant,
TARRA CASTILLO

(Additional counsel on next page)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARRA CASTILLO, an individual,<br><br>    Plaintiff,<br><br>        vs.<br><br>A PLACE FOR MOM, INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No. 5:24-cv-02672-JGB-DTB<br><br>**The Honorable Jesus G. Bernal**<br><br>**JOINT PROPOSED JURY INSTRUCTIONS**<br><br>Trial:  May 12, 2026<br>Time:  9 :00 a.m.<br>Ctrm.:  1<br><br>FPC:   April 27, 2026<br>Time: 11:00 a.m.<br>Ctrm.:  1<br><br>Action Filed: October 30, 2024 |

1

JOINT PROPOSED JURY INSTRUCTIONS

C. Bryan Wilson, *pro vac vice*
Jennalee Beazley, *pro vac vice*
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
cwilson@wc.com
jbeazley@wc.com


Attorneys for Defendant, A Place For Mom, Inc.


Matthew Donald Umhofer, State Bar No. 206607
Elizabeth A. Mitchell, State Bar No. 251139
UMHOFER, MITCHELL & KING LLP
767 S. Alameda St., Suite 270
Los Angeles, California 90021
Telephone: (213) 394-7979
Facsimile: (213) 529-1027
matthew@umklaw.com
elizabeth@umklaw.com


Attorneys for Defendant, A Place For Mom, Inc.

2

JOINT PROPOSED JURY INSTRUCTIONS

The Parties hereby submit their Joint Proposed Jury Instructions to be used at the trial set to begin on May 12, 2026, at 9:00 a.m. before the Honorable Jesus G. Bernal, in Courtroom 1 of the United States District Court, Central District of California, at 3470 Twelfth Street, Riverside, California 92501.

Dated: April 13, 2026 **OLIVO & ASSOCIATES**

BY *_/s/ Eduardo Olivo_*
EDUARDO OLIVO
Attorney for Plaintiff/Cross-Defendant,
TARRA CASTILLO

Dated: April 13, 2026 **WILLIAMS & CONNOLLY LLP**

BY *_/s/ C. Bryan Wilson_*
C. BRYAN WILSON
Attorney for Defendant,
A PLACE FOR MOM, INC.

3

JOINT PROPOSED JURY INSTRUCTIONS

| Number | Title | Source | Page Number |
|---|---|---|---|
| **JOINT PROPOSED JURY INSTRUCTIONS** | | | |
| 1. | Duty of Jury | 9th Cir. Civil Model Instr. 1.2 | 13 |
| 2. | Duty of Jury (Court Reads and Provides Written Instructions at End of Case) | 9th Cir. Civil Model Instr. 1.4 | 14 |
| 3. | Claims and Defenses | 9th Cir. Civil Model Instr. 1.5 | 15 |
| 4. | Burden of Proof – Preponderance of the Evidence | 9th Cir. Civil Model Instr. 1.6 | 17 |
| 5. | Burden of Proof-Clear and Convincing Evidence | 9th Cir. Civil Model Instr. 1.7 | 18 |
| 6. | What Is Evidence | 9th Cir. Civil Model Instr. 1.9 | 19 |
| 7. | What Is Not Evidence | 9th Cir. Civil Model Instr. 1.10 | 20 |
| 8. | Evidence for Limited Purpose | 9th Cir. Civil Model Instr. 1.11 | 21 |
| 9. | Direct and Circumstantial Evidence | 9th Cir. Civil Model Instr. 1.12 | 22 |
| 10. | Ruling on Objections | 9th Cir. Civil Model Instr. 1.13 | 23 |

4

JOINT PROPOSED JURY INSTRUCTIONS

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
| 11. | Credibility of Witnesses | 9th Cir. Civil Model Instr. 1.14 | 24 |
| 12. | Conduct of the Jury | 9th Cir. Civil Model Instr. 1.15 | 26 |
| 13. | No Transcript Available to Jury | 9th Cir. Civil Model Instr. 1.17 | 28 |
| 14. | Taking Notes | 9th Cir. Civil Model Instr. 1.18 | 29 |
| 15. | Questions to Witnesses by Jurors | 9th Cir. Civil Model Instr. 1.19 | 30 |
| 16. | Bench Conferences and Recesses | 9th Cir. Civil Model Instr. 1.20 | 31 |
| 17. | Outline of Trial | 9th Cir. Civil Model Instr. 1.21 | 32 |
| 18. | Cautionary Instructions | 9th Cir. Civil Model Instr. 2.1 | 33 |
| 19. | Stipulations of Fact | 9th Cir. Civil Model Instr. 2.3 | 34 |
| 20. | Deposition In Lieu Of Live Testimony | 9th Cir. Civil Model Instr. 2.5 | 35 |
| 21. | Impeachment Evidence-Witness | 9th Cir. Civil Model Instr. 2.10 | 36 |
| 22. | Use of Interrogatories | 9th Cir. Civil Model Instr. 2.12 | 37 |
| 23. | Expert Opinion Testimony | 9th Cir. Civil Model Instr. 2.14 | 38 |

5

JOINT PROPOSED JURY INSTRUCTIONS

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
| 24. | Charts and Summaries Not Received in Evidence | 9th Cir. Civil Model Instr. 2.15 | 39 |
| 25. | Charts and Summaries Received in Evidence | 9th Cir. Civil Model Instr. 2.16 | 40 |
| 26. | Duty to Deliberate | 9th Cir. Civil Model Instr. 3.1 | 41 |
| 27. | Consideration of Evidence – Conduct of Jury | 9th Cir. Civil Model Instr. 3.2 | 42 |
| 28. | Communication with Court | 9th Cir. Civil Model Instr. 3.3 | 44 |
| 29. | Readbacks or Playbacks | 9th Cir. Civil Model Instr. 3.4 | 45 |
| 30. | Return of Verdict | 9th Cir. Civil Model Instr. 3.5 | 46 |
| 31. | Post-Discharge Instruction | 9th Cir. Civil Model Instr. 3.9 | 47 |
| 32. | Corporations and Partnerships – Fair Treatment | 9th Cir. Civil Model Instr. 4.1 | 48 |
| 33. | Liability of Corporations – Scope of Authority Not in Issue | 9th Cir. Civil Model Instr. 4.2 | 49 |

6

JOINT PROPOSED JURY INSTRUCTIONS

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
| 34. | Insurance | Judicial Council of California Civil Jury Instructions No. 105 | 50 |
| 35. | Wealth of Parties | Judicial Council of California Civil Jury Instructions No. 117 | 51 |
| 36. | Party Having Power to Produce Better Evidence | Judicial Council of California Civil Jury Instructions No. 203 | 52 |
| 37. | Failure to Explain or Deny | Judicial Council of California Civil Jury Instructions No. 205 | 53 |
| 38. | Statements Made to Physician | Judicial Council of California Civil Jury Instructions No. 218 | 54 |
| 39. | Experts—Questions Containing Assumed Facts | Judicial Council of California Civil Jury Instructions No. 220 | 55 |
| 40. | Conflicting Expert Testimony | Judicial Council of California Civil Jury Instructions No. 221 | 56 |
| 41. | Opinion Testimony of Lay Witness | Judicial Council of California Civil Jury Instructions No. 223 | 57 |
| 42. | Causation: Substantial Factor | Judicial Council of California Civil Jury Instructions No. 430 | 58 |

7

JOINT PROPOSED JURY INSTRUCTIONS

| Number | Title | Source | Page Number |
|---|---|---|---|
| 43. | Intentional Misrepresentation | Judicial Council of California Civil Jury Instructions No. 1900 | 59 |
| 44. | Negligent Misrepresentation | Judicial Council of California Civil Jury Instructions No. 1903 | 60 |
| 45. | Reliance | Judicial Council of California Civil Jury Instructions No. 1907 | 61 |
| 46. | Receiving Stolen Property—Civil Liability—Essential Factual | Judicial Council of California Civil Jury Instructions No. 1930 | 62 |
| 47. | Retaliation – Essential Factual Elements (Gov. Code, §12940 (h)) | Judicial Council of California Civil Jury Instructions No. 2505 | 63 |
| 48. | "Substantial Motivating Reason" Explained | Judicial Council of California Civil Jury Instructions No. 2507 | 65 |
| 49. | Limitation on Remedies – Same Decision | Judicial Council of California Civil Jury Instructions No. 2512 | 66 |

8

JOINT PROPOSED JURY INSTRUCTIONS

| Number | Title | Source | Page Number |
|---|---|---|---|
| 50. | Business Judgment | Judicial Council of California Civil Jury Instructions No. 2513 | 68 |
| 51. | Disability Discrimination—Disparate Treatment Essential Factual Elements | Judicial Council of California Civil Jury Instructions No. 2540 | 69 |
| 52. | Disability Discrimination – "Essential Job Duties" Explained | Judicial Council of California Civil Jury Instructions No. 2543 | 71 |
| 53. | Introduction to Vicarious Liability | Judicial Council of California Civil Jury Instructions No. 3700 | 73 |
| 54. | Introduction to Tort Damages – Liability Contested | Judicial Council of California Civil Jury Instructions No. 3900 | 74 |
| 55. | Economic and Noneconomic Damages | Judicial Council of California Civil Jury Instructions No. 3902 | 75 |
| 56. | Items of Economic Damages | Judicial Council of California Civil Jury Instructions Nos. 3903 | 76 |

9

JOINT PROPOSED JURY INSTRUCTIONS

| Number | Title | Source | Page Number |
|---|---|---|---|
| 57. | Past and Future Lost Earnings (Economic Damage) | Judicial Council of California Civil Jury Instructions No. 3903C | 77 |
| 58. | Damages From Employer for Wrongful Discharge (Economic Damage) | Judicial Council of California Civil Jury Instructions No. 3903P | 78 |
| 59. | Items of Noneconomic Damages/ Physical Pain, Mental Suffering, and Emotional Distress (Noneconomic Damage) | Judicial Council of California Civil Jury Instructions Nos. 3905 and 3905A | 79 |
| 60. | No Punitive Damages | Judicial Council of California Civil Jury Instructions No. 3924 | 80 |
| 61. | Arguments of Counsel Not Evidence of Damages | Judicial Council of California Civil Jury Instructions No. 3925 | 81 |
| 62. | Aggravation of Preexisting Condition or Disability | Judicial Council of California Civil Jury Instructions No. 3927 | 82 |
| 63. | Unusually Susceptible Plaintiff | Judicial Council of California Civil Jury Instructions No. 3928 | 83 |

10

JOINT PROPOSED JURY INSTRUCTIONS

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
| 64. | Damage on Multiple Legal Theories | Judicial Council of California Civil Jury Instructions No. 3934 | 84 |
| 65. | Affirmative Defense – Employee Duty to Mitigate Damages | Judicial Council of California Civil Jury Instructions No. 3963 | 86 |
| 66. | Punitive Damages – Entity Defendant – Bifurcated Trial (First Phase) | Judicial Council of California Civil Jury Instructions No. 3946 | 87 |
| 67. | Punitive Damages – Individual Defendant – Bifurcated Trial (First Phase) | Judicial Council of California Civil Jury Instructions No. 3941 | 88 |
| 68. | Jurors Not to Consider Attorney Fees and Court Costs | Judicial Council of California Civil Jury Instructions No. 3964 | 90 |
| 69. | "Fiduciary Duty" Explained | Judicial Council of California Civil Jury Instructions No. 4100 | 91 |
| 70. | Duty of Undivided Loyalty—Essential Factual Elements | Judicial Council of California Civil Jury Instructions No. 4102 | 92 |
| 71. | Disability Discrimination – Definitions of "Physical Disability" | BAJI 12.13; Gov. Code § 12926 (m) | 93 |

11

JOINT PROPOSED JURY INSTRUCTIONS

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
|  | (Government Code § 12926) |  |  |

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 1
### DUTY OF JURY

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected, and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

**Authority:** 9th Cir. Civ. Model Instr. 1.2 (2025).

13

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 2
## DUTY OF JURY
### (Court Reads and Provides Written Instructions at End of Case)

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**Authority**: 9th Cir. Civ. Model Instr. 1.4 (2025).

14

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 3
### CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Tarra Castillo asserts that defendant A Place for Mom:

(1) discriminated against her because of her physical disability [and/or her history of having a physical disability];

(2) retaliated against her for requesting accommodation (medical leave) for her physical disability; and

(3) retaliated against her because of her complaints of discrimination and/or retaliation.

Tarra Castillo has the burden of proving these claims.

Defendant A Place for Mom denies Tarra Castillo's claims and also contends that

(1) Tarra Castillo was discharged because she changed lead data and failed to provide supporting documentation for doing so, which is a lawful reason

(2) Tarra Castillo committed fraud,

(3) Tarra Castillo received stolen property, and

(4) Tarra Castillo breached her fiduciary duty of loyalty as an employee.

A Place for Mom has the burden of proof on these affirmative defenses and counterclaims.

Tarra Castillo denies defendant A Place for Mom's affirmative defenses and counterclaims.

**Authority:** 9th Cir. Civ. Model Instr. 1.5 (2025).

15

JOINT PROPOSED JURY INSTRUCTIONS

*note: The parties agree on this instruction, but disagree on the bracketed language [and/or her history of having a physical disability]

**Defendant's Objection:** Plaintiff has not properly pled or raised a claim based on a "history of physical disabilities." The incidents Plaintiff alleges constitute discrimination and/or retaliation center around specific discrete medical conditions within the span of approximately six months. Including "history of physical disabilities" would improperly suggest the jury should consider more than those discrete disabilities.

**Plaintiff's Position:** Plaintiff has alleged that her supervisor was upset at her extended medical leave in May of 2023, and that she was retaliated/discriminated against when she returned in July 2023. Plaintiff then alleges further retaliation on November 27, 2023, when she was out on approved medical leave for a different physical disability. The term history of physical disability is appropriate.

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 4
## BURDEN OF PROOF-PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Authority:** 9th Cir. Civ. Model Instr. 1.6 (2025).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 5
## BURDEN OF PROOF-CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**Authority:** 9th Cir. Civ. Model Instr. 1.7 (2025).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 6
## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)    the sworn testimony of any witness;

(2)    the exhibits that are admitted into evidence;

(3)    any facts to which the lawyers have agreed; and

(4)    any facts that I may instruct you to accept as proved.

**Authority:** 9th Cir. Civ. Model Instr. 1.9 (2025).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 7
## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)     Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Authority:** 9th Cir. Civ. Model Instr. 1.10 (2025).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 8
## EVIDENCE FOR A LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**Authority:** 9th Cir. Civ. Model Instr. 1.11 (2025).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 9
## DIRECT AND CIRCUMSTANTIAL

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**Authority:** 9th Cir. Civ. Model Instr. 1.12 (2025).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 10
## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Authority:** 9th Cir. Civ. Model Instr. 1.13 (2025).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 11
## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)   the opportunity and ability of the witness to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case, if any;

(5)   the witness's bias or prejudice, if any;

(6)   whether other evidence contradicted the witness's testimony;

(7)   the reasonableness of the witness's testimony in light of all the evidence; and

(8)   any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things

24

JOINT PROPOSED JURY INSTRUCTIONS

but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Authority:** 9th Cir. Civ. Model Instr. 1.14 (2025).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 12
## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no

26

JOINT PROPOSED JURY INSTRUCTIONS

information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers— until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, requiring the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately, by sending a note through the [clerk] [bailiff] signed by any one or more of you.

**Authority:** 9th Cir. Civ. Model Instr. 1.15 (2025).

27

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 13
## NO TRANSCRIPT AVAILABLE TO JURY

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

**Authority:** 9th Cir. Civ. Model Instr. 1.17 (2025).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 14
## TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**Authority:** 9th Cir. Civ. Model Instr. 1.18 (2025).

29

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 15

## QUESTIONS TO WITNESSES BY JURORS

*Option 1*

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. *[Specific reasons for not allowing jurors to ask questions may be explained.*] If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

*Option 2*

When attorneys have finished their examination of a witness, you may ask questions of the witness. [*Describe procedure to be used.*] If the rules of evidence do not permit a particular question, I will advise you. After your questions, if any, the attorneys may ask additional questions.

**Authority:** 9th Cir. Civ. Model Instr. 1.19 (2025).

30

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 16
### BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Authority:** 9th Cir. Civ. Model Instr. 1.20 (2025).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 17
## OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Authority:** 9th Cir. Civ. Model Instr. 1.21 (2025).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 18
## CAUTIONARY INSTRUCTIONS

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

**Authority:** 9th Cir. Civ. Model Instr. 2.1 (2025).

33

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 19
## STIPULATIONS OF FACT

The parties have agreed to certain facts [to be placed in evidence as Exhibit __ ] [that will be read to you]. You must therefore treat these facts as having been proved.

**Authority:** 9th Cir. Civ. Model Instr. 2.3 (2025).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 20
## DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

The deposition of [name of witness] was taken on [date].

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Authority:** 9th Cir. Civ. Model Instr. 2.5 (2025).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 21
## IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness has lied under oath on a prior occasion, etc. may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Authority:** 9th Cir. Civ. Model Instr. 2.10 (2025)

## INSTRUCTION NO. 22
## USE OF INTERROGATORIES

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Authority:** 9th Cir. Civ. Model Instr. 2.12 (2025).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 23
## EXPERT OPINION TESTIMONY

You have heard testimony from [*names will be inserted at close of evidence*] who have testified about their opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**Authority:** 9th Cir. Civ. Model Instr. 2.14 (2025).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 24
## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not admitted into evidence have been shown to you to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Authority:** 9th Cir. Civ. Model Instr. 2.15 (2025).

JOINT PROPOSED JURY INSTRUCTIONS

**INSTRUCTION NO. 25**

**CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Authority:** 9th Cir. Civ. Model Instr. 2.16 (2025).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 26
## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Authority:** 9th Cir. Civ. Model Instr. 3.1 (2025).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 27
## CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on  this case in the media, turn away and report it to me as soon as possible.

42

JOINT PROPOSED JURY INSTRUCTIONS

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Authority:** 9th Cir. Civ. Model Instr. 3.2 (2025).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 28
## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Authority:** 9th Cir. Civ. Model Instr. 3.3 (2025).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 29

## READBACKS OR PLAYBACKS[1]

Because a request has been made for a readback of the testimony of [*witness's name*] it is being provided to you, but you are cautioned that all readbacks run the risk of distorting the trial because of overemphasis of one portion of the testimony. Therefore, you will be required to hear all of the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible. Because of the length of the testimony of this witness, excerpts will be read. The readback could contain errors. The readback cannot reflect matters of demeanor, tone of voice, and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony read cannot be considered in isolation, but must be considered in the context of all the evidence presented.

**Authority:** 9th Cir. Civ. Model Instr. 3.4 (2025).

---

[1] Will only be used if jury requests readback or playback.

JOINT PROPOSED JURY INSTRUCTIONS

**INSTRUCTION NO. 30**

**RETURN OF VERDICT**

Verdict forms have been prepared for you. One verdict form is for the claims brought by Tarra Castillo.  The other is for the counterclaims brought by A Place for Mom. After you have reached unanimous agreement on the verdicts, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**Authority:** 9th Cir. Civ. Model Instr. 3.5 (2025).

46

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 31
## POST-DISCHARGE INSTRUCTION

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

If you decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you decide to say, you would be willing to say in the presence of the other jurors under oath here in open court in the presence of all the parties.

As always, bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.

Finally, if you prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me and I will assist.

**Authority:** 9th Cir. Civ. Model Instr. 3.9 (2025).

47

## INSTRUCTION NO. 32

## CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**Authority:** 9th Cir. Civ. Model Instr. 4.1 (2025).

48

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 33

## LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**Authority:** 9th Cir. Civ. Model Instr. 4.2 (2025).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 34

## INSURANCE

You must not consider whether any of the parties in this case has insurance. The presence or absence of insurance is totally irrelevant. You must decide this case based only on the law and the evidence.

**Authority:** CACI Civ. Model Instr. 105 (2026).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 35

## WEALTH OF PARTIES

In reaching a verdict, you may not consider the wealth or poverty of any party. The parties' wealth or poverty is not relevant to any of the issues that you must decide.

**Authority:** CACI Civ. Model Instr. 117 (2026).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 36
## PARTY HAVING POWER TO PRODUCE BETTER EVIDENCE

You may consider the ability of each party to provide evidence. If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

**Authority:** CACI Civ. Model Instr. 203 (2026).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 37
## FAILURE TO EXPLAIN OR DENY EVIDENCE

If a party failed to explain or deny evidence against it when it could reasonably be expected to have done so based on what it knew, you may consider its failure to explain or deny in evaluating that evidence.

It is up to you to decide the meaning and importance of the failure to explain or deny evidence against the party.

**Authority:** CACI Civ. Model Instr. 205 (2026).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 38
## STATEMENTS MADE TO PHYSICIAN

Doctors have testified that Tarra Castillo made statements to them about Tarra Castillo's medical history. These statements helped the doctors diagnose the patient's condition. You can use these statements to help you examine the basis of the doctor's opinion. You cannot use them for any other purpose.

However, a statement by Tarra Castillo to doctors about her current medical condition may be considered as evidence of that medical condition.

**Authority:** CACI Civ. Model Instr. 218 (2026).

## INSTRUCTION NO. 39

## EXPERTS—QUESTIONS CONTAINING ASSUMED FACTS

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

**Authority:** CACI Civ. Model Instr. 220 (2026).

55

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 40
## CONFLICTING EXPERT TESTIMONY

If the expert witnesses disagreed with one another, you should weigh each opinion against the others. You should examine the reasons given for each opinion and the facts or other matters that each witness relied on. You may also compare the experts' qualifications.

**Authority:** CACI Civ. Model Instr. 221 (2026).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 41

## OPINION TESTIMONY OF LAY WITNESS

A witness who was not testifying as an expert gave an opinion during the trial. You may, but are not required to, accept that opinion. You may give the opinion whatever weight you think is appropriate.

Consider the extent of the witness's opportunity to perceive the matters on which the opinion is based, the reasons the witness gave for the opinion, and the facts or information on which the witness relied in forming that opinion. You must decide whether information on which the witness relied was true and accurate. You may disregard all or any part of an opinion that you find unbelievable, unreasonable, or unsupported by the evidence.

**Authority:** CACI Civ. Model Instr. 223 (2026).

JOINT PROPOSED JURY INSTRUCTIONS

**INSTRUCTION NO. 42**

**CAUSATION: SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

**Authority:** CACI Civ. Model Instr. 430 (2026).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 43
## INTENTIONAL MISREPRESENTATION

A Place for Mom claims that Tarra Castillo made a false representation that harmed it. To establish this claim, A Place for Mom must prove all of the following:

1. That Tarra Castillo represented to A Place for Mom that a fact was true;

2. That Tarra's representation was false;

3. That Tarra Castillo knew that the representation was false when she made it, or that she made the representation recklessly and without regard for its truth;

4. That Tarra Castillo intended that A Place for Mom rely on the representation ;

5. That A Place for Mom reasonably relied on Tarra Castillo's representation;

6. That A Place for Mom was harmed; and

7. That A Place for Mom's reliance on Tarra Castillo's representation was a substantial factor in causing its harm.

**Authority:** CACI Civ. Model Instr. 1900 (2026).

59

# INSTRUCTION NO. 44
## NEGLIGENT MISREPRESENTATION

A Place for Mom claims it was harmed because Tarra Castillo negligently misrepresented a fact. To establish this claim, A Place for Mom must prove all of the following:

1. That Tarra Castillo represented to A Place for Mom that a fact was true;

2. That Tarra Castillo's representation was not true;

3. That although Tarra Castillo may have honestly believed that the representation was true, Tarra Castillo had no reasonable grounds for believing the representation was true when she made it;

4. That Tarra Castillo intended that A Place for Mom rely on this representation;

5. That A Place for Mom reasonably relied on Tarra Castillo's representation;

6. That A Place for Mom was harmed; and

7. That A Place for Mom's reliance on Tarra Castillo's representation was a substantial factor in causing its harm.

**Authority:** CACI Civ. Model Instr. 1903 (2026).

60

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 45

### RELIANCE

A Place for Mom relied on Tarra Castillo's misrepresentation if:

1. The misrepresentation substantially influenced it to calculate bonus-compensation for its employees; and

2. It would probably not have calculated the same amount of bonus-compensation for its employees without the misrepresentation.

It is not necessary for a misrepresentation to be the only reason for A Place for Mom's conduct.

**Authority:** CACI Civ. Model Instr. 1907 (2026).

61

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 46

## RECEIVING STOLEN PROPERTY—CIVIL LIABILITY—

## ESSENTIAL FACTUAL ELEMENTS (Pen. Code, § 496(c))

A Place for Mom claims damages based on Tarra Castillo's receiving stolen property. To establish this claim, A Place for Mom must prove all of the following:

1. That Tarra Castillo received property (in the form of bonus compensation) that was stolen;

2. That Tarra Castillo knew the property was stolen at the time she received the property;

3. That A Place for Mom was harmed; and

4. That Tarra Castillo's conduct was a substantial factor in causing A Place for Mom's harm.

Property is stolen if it was obtained by theft. Property is obtained by theft if a person takes possession of property owned by someone else, without the owner's consent, and with the intent either to permanently deprive the owner of that property or to deprive the owner of a major portion of the value or enjoyment of the property for an extended period of time.

**Authority:** CACI Civ. Model Instr. 1930 (2026).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 47

## RETALIATION—ESSENTIAL FACTUAL ELEMENTS (Gov. Code, §12940(h)

Tarra Castillo claims that A Place for Mom retaliated against her for requesting an accommodation (medical leave) for her physical disability, and/or her complaints of discrimination and/or retaliation.

To establish this claim, Tarra Castillo must prove all of the following:

1. That Tarra Castillo requested an accommodation (medical leave) for her physical disability, [and/or complained of discrimination and/or retaliation];

2. That A Place for Mom discharged Tarra Castillo (which is not disputed in this case) [and/or subjected her to another adverse employment action];

3. That Tarra Castillo's request for an accommodation (medical leave) for her physical disability [and/or her complaints of discrimination and/or retaliation] was a substantial motivating reason for A Place for Mom's conduct;

4. That Tarra Castillo was harmed; and

5. That A Place for Mom's decision to discharge Tarra Castillo [and/or subject her to another adverse employment action] was a substantial factor in causing her harm.

Tarra Castillo does not have to prove discrimination in order to be protected from retaliation. If she reasonably believed that A Place for Mom's conduct was unlawful she may prevail on a retaliation claim even if she does not present, or prevail on, a separate claim for discrimination.

**Authority:** CACI Civ. Model Instr. 2505 (2026).

\* The parties agree on this instruction, but disagree on the bracketed language. Plaintiff proposes the term "adverse employment action." Defendant proposes "discharge." The Parties' positions are set forth in the Joint Disputed Jury Instructions,

JOINT PROPOSED JURY INSTRUCTIONS

Plaintiff's Instruction No. 3 – Adverse Employment Action" - Explained (CACI 2511(2026)).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 48
## "SUBSTANTIAL MOTIVATING REASON" EXPLAINED

A "substantial motivating reason" is a reason that actually contributed to the [adverse employment action and/or] discharge from employment.  It must be more than a remote or trivial reason. It does not have to be the only reason motivating the [adverse employment action and/or] discharge.

**Authority:** CACI Civ. Model Instr. 2507 (2026).

*note: The parties agree on this instruction, but disagree on the bracketed language. Plaintiff proposes the term "adverse employment action." Defendant proposes "discharge." The Parties' positions are set forth in the Joint Disputed Jury Instructions, Plaintiff's Instruction No. 3 – Adverse Employment Action" - Explained (CACI 2511(2026)).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 49
## LIMITATION ON REMEDIES—SAME DECISION

Tarra Castillo claims that she was discharged [and/or subjected to other adverse employment action] because she requested an accommodation (medical leave) for her physical disability, [and/or because she had a history of a physical disability] and/or her because of her complaints of discrimination and/or retaliation, which [is an] [are] unlawful discriminatory and retaliatory reason[s]. A Place for Mom claims that Tarra Castillo was discharged because she changed sales lead data and failed to provide supporting documentation for doing so, which is a lawful reason.

If you find that discrimination or retaliation was a substantial motivating reason for Tarra Castillo's discharge, you must then consider A Place for Mom's stated reason for the discharge.

If you find that changing sales lead data and failing to provide supporting documentation for doing so was also a substantial motivating reason, then you must determine whether the defendant has proven that it would have discharged Tarra Castillo anyway at that time based on changing sales lead data and failure to provide supporting documentation for the changes she made to the lead data even if it had not also been substantially motivated by discrimination or retaliation.

In determining whether changing sales lead data and failure to provide supporting documentation for doing so was a substantial motivating reason, determine what actually motivated A Place for Mom, not what it might have been justified in doing.

If you find that A Place for Mom discharged Tarra Castillo for a discriminatory or retaliatory reason, you will be asked to determine the amount of damages that she is entitled to recover. If, however, you find that A Place for Mom would have discharged Tarra Castillo anyway at that time for changing sales lead data and failure

JOINT PROPOSED JURY INSTRUCTIONS

to provide supporting documentation for doing so, then Tarra Castillo will not be entitled to reinstatement, back pay, or damages.

**Authority:** CACI Civ. Model Instr. 2512 (2026).

*note: The parties agree on this instruction, but disagree on the bracketed language cited below, and have therefore included Plaintiff's and Defendant's positions:

- [or of her history of having a physical disability]: The Parties' positions are set forth under Undisputed Instruction No. 3 (Claims and Defenses – 9th Cir. Civ. Model Instruction 1.5 (2025)).

- [and/or subjected her to another adverse employment action]: The Parties' positions are set forth in the Joint Disputed Jury Instructions, Plaintiff's Instruction No. 3 – Adverse Employment Action" - Explained (CACI 2511(2026)).

67

## INSTRUCTION NO. 50
## BUSINESS JUDGMENT

In California, employment is presumed to be "at will." That means that an employer may discharge an employee for no reason, or for a good, bad, mistaken, unwise, or even unfair reason, as long as its action is not for a discriminatory or retaliatory reason.

**Authority:** CACI Civ. Model Instr. 2513 (2026).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 51
## DISABILITY DISCRIMINATION—DISPARATE TREATMENT
## ESSENTIAL FACTUAL ELEMENTS

Tarra Castillo claims that A Place for Mom wrongfully discriminated against her based on her physical disability [and/or her history of having a physical disability]. To establish this claim, Tarra Castillo must prove all of the following:

1. That A Place for Mom was an employer (this element is not disputed in this case);

2. That Tarra Castillo was an employee of A Place for Mom (this element is not disputed in this case);

3. That A Place for Mom knew that Tarra Castillo had a physical disability which affected a major life activity, [or of her history of having a physical disability];

4. That Tarra Castillo was able to perform the essential job duties with or without reasonable accommodation for her physical disability;

5. A Place for Mom discharged Tarra Castillo (this element is not disputed in this case) [and/or subjected her to any other adverse employment action];

6. That Tarra Castillo's physical disability[, and/or her history of having a physical or mental disability,] was a substantial motivating reason for A Place for Mom's conduct;

7.  That Tarra Castillo was harmed; and

8. That A Place for Mom's conduct was a substantial factor in causing Tarra Castillo's harm.

Tarra Castillo does not need to prove that A Place for Mom held any ill will or animosity toward her personally because she was disabled [or had a history of having

JOINT PROPOSED JURY INSTRUCTIONS

a disability]. On the other hand, if you find that A Place for Mom did hold ill will or animosity toward Tarra Castillo because she had a disability [or had a history of having a disability], you may consider this fact, along with all the other evidence, in determining whether Tarra Castillo's physical disability [or her history of having a physical disability] was a substantial motivating reason for A Place for Mom's decision to discharge Tarra Castillo [and/or subject her to any other adverse employment action].

**Authority:** CACI Civ. Model Instr. 2540 (2026).

*note: The parties agree on this instruction, but disagree on the bracketed language cited below, and have therefore included Plaintiff's and Defendant's positions:

- [or of her history of having a physical disability]: The Parties' positions are set forth under Undisputed Instruction No. 3 (Claims and Defenses – 9th Cir. Civ. Model Instruction 1.5 (2025)).

- [and/or subjected her to another adverse employment action]: The Parties' positions are set forth in the Joint Disputed Jury Instructions, Plaintiff's Instruction No. 3 – Adverse Employment Action" - Explained (CACI 2511(2026)).

# INSTRUCTION NO. 52

## DISABILITY DISCRIMINATION—"ESSENTIAL JOB DUTIES"

## EXPLAINED

## (Gov. Code, §§ 12926(f), 12940(a)(1))

In deciding whether a job duty is essential, you may consider, among other factors, the following:

    a.  Whether the reason the job exists is to perform that duty;

    b.  Whether there is a limited number of employees available who can perform that duty;

    c.  Whether the job duty is highly specialized so that the person currently holding the position was hired for the person's expertise or ability to perform the particular duty.

Evidence of whether a particular duty is essential includes, but is not limited to, the following:

    a. A Place for Mom's judgment as to which functions are essential;

    b.  Written job descriptions prepared before advertising or interviewing applicants for the job;

    c. The amount of time spent on the job performing the duty;

    d. The consequences of not requiring the person currently holding the position to perform the duty;

    e. The terms of a collective bargaining agreement;

    f. The work experiences of past persons holding the job;

    g. The current work experience of persons holding similar jobs;

    h. Reference to the importance of the job in prior performance reviews.

"Essential job duties" do not include the marginal duties of the position. "Marginal duties" are those that, if not performed would not eliminate the need for

71

the job, or those that could be readily performed by another employee, or those that could be performed in another way.

**Authority:** CACI Civ. Model Instr. 2543 (2026).

JOINT PROPOSED JURY INSTRUCTIONS

**INSTRUCTION NO. 53**

**INTRODUCTION TO VICARIOUS LIABILITY**

An employer is responsible for harm caused by the wrongful conduct of its employees while acting within the scope of their employment.

**Authority:** CACI Civ. Model Instr. 3700 (2026).

73

## INSTRUCTION NO. 54
## INTRODUCTION TO TORT DAMAGES—LIABILITY CONTESTED

If you decide that Tarra Castillo has proved her claim or claims against A Place for Mom you also must decide how much money will reasonably compensate her for the harm. If you decide that A Place for Mom has proved its claim or claims against Tarra Castillo you also must decide how much money will reasonably compensate it for the harm.

This compensation is called "damages." The amount of damages must include an award for each item of harm that was caused by its wrongful conduct, even if the particular harm could not have been anticipated.

Neither party has to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

**Authority:** CACI Civ. Model Instr. 3900 (2026).

74

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 55
## ECONOMIC AND NONECONOMIC DAMAGES

The damages claimed by Tarra Castillo for the harm caused A Place for Mom, and the harm claimed by A Place for Mom caused by Tarra Castillo, fall into two categories called economic damages and noneconomic damages. You will be asked on the verdict form to state the two categories of damages separately.

**Authority:** CACI Civ. Model Instr. 3902 (2026).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 56
## ITEMS OF ECONOMIC DAMAGE

The following are the specific items of economic damages claimed by Tarra Castillo: past and future lost earnings.

The following are the specific items of economic damages claimed by A Place for Mom: Property in the form of bonus compensation.

**Authority:** CACI Civ. Model Instr. 3903 (2026).

76

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 57

## PAST AND FUTURE LOST EARNINGS (ECONOMIC DAMAGE)

To recover damages for past lost earnings, Tarra Castillo must prove the amount of earnings that she has lost to date.

To recover damages for future lost earnings, Tarra Castillo must prove the amount of earnings she will be reasonably certain to lose in the future as a result of the injury.

**Authority:** CACI Civ. Model Instr. 3903C (2026).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 58

## DAMAGES FROM EMPLOYER FOR WRONGFUL DISCHARGE

## (ECONOMIC DAMAGE)

If you find that A Place for Mom discharged Tarra Castillo in violation of the Fair Employment and Housing Act, then you must decide the amount of past and future lost earnings that Tarra Castillo has proven she is entitled to recover, if any. To make that decision, you must:

1. Decide the amount that Tarra Castillo would have earned up to today, including any benefits and pay increases; and

2. Add the present cash value of any future wages and benefits that she would have earned for the length of time the employment with A Place for Mom was reasonably certain to continue.

In determining the period that Tarra Castillo's employment was reasonably certain to have continued, you should consider such things as:

(a) Tarra Castillo's age, work performance, and intent regarding continuing employment with A Place for Mom;

(b) A Place for Mom's prospects for continuing the operations involving Tarra Castillo; and

(c) Any other factor that bears on how long Tarra Castillo would have continued to work.

**Authority:** CACI Civ. Model Instr. 3903P (2026).

78

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 59

## ITEMS OF NONECONOMIC DAMAGE/PHYSICAL PAIN, MENTAL SUFFERING, AND EMOTIONAL DISTRESS

## (NONECONOMIC DAMAGE)

The following are the specific items of noneconomic damages claimed by Tarra Castillo:

1. mental suffering,

2. loss of enjoyment of life;

3. inconvenience;

4. grief;

5. anxiety;

6. humiliation; and

7 emotional distress.

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress, Tarra Castillo must prove that she is reasonably certain to suffer that harm.

For future mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress, determine the amount in current dollars paid at the time of judgment that will compensate Tarra Castillo for future mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress. This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to economic damages.

**Authority:** CACI Civ. Model Instr. 3905 and 3905A (2026).

## INSTRUCTION NO. 60
## NO PUNITIVE DAMAGES (MODIFIED)

At this time, you must not include in your award any damages to punish or make an example of either party.  Such damages would be punitive damages, and they cannot be a part of your verdict. You must award only the damages that fairly compensate the party for her/its loss.

**Authority:** CACI Civ. Model Instr. 3924 (2026).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 61

## ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES

The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

**Authority:** CACI Civ. Model Instr. 3925 (2026).

JOINT PROPOSED JURY INSTRUCTIONS

### INSTRUCTION NO. 62

### AGGRAVATION OF PREEXISTING CONDITION OR DISABILITY

Tarra Castillo is not entitled to damages for any physical or emotional condition that she had before A Place for Mom's conduct occurred. However, if Tarra Castillo had a physical or emotional condition that was made worse by A Place for Mom's wrongful conduct, you must award damages that will reasonably and fairly compensate her for the effect on that condition.

**Authority:** CACI Civ. Model Instr. 3927 (2026).

82

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 63

### UNUSUALLY SUSCEPTIBLE PLAINTIFF

You must decide the full amount of money that will reasonably and fairly compensate Tarra Castillo for all damages caused by the wrongful conduct of A Place for Mom, Inc., even if Tarra Castillo was more susceptible to injury than a normally healthy person would have been, and even if a normally healthy person would not have suffered similar injury.

**Authority:** CACI Civ. Model Instr. 3928 (2026).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 64

## DAMAGES ON MULTIPLE LEGAL THEORIES

The Parties each seek damages from the other under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether A Place for Mom is liable to Tarra Castillo under the following legal theories:

1. Discrimination because of a physical disability [and/or her history of having a physical disability];

2. Retaliation for requesting an accommodation (medical leave) for a physical disability; and

3. Retaliation for complaining about discrimination and/or retaliation. The following items of damages are recoverable only once under all of the above legal theories:

1. Past and future emotional distress; and

2. Past and future lost earnings.

You will be asked to decide whether Tarra Castillo is liable to A Place for Mom under the following legal theories:

1. Fraud/Intentional Misrepresentation

2. Negligent Misrepresentation

3. Receiving Stolen Property (in the form of bonus compensation)

4. Breach of Fiduciary Duty/Duty of Undivided Loyalty

The following items of damages are recoverable only once under all of the above legal theories:

1. Stolen property in the form of bonus compensation

**Authority**: CACI Civ. Model Instr. 3934 (2026)

84

JOINT PROPOSED JURY INSTRUCTIONS

*note: The parties agree on this instruction, but disagree on the bracketed language cited below, and have therefore included Plaintiff's and Defendant's positions:

- [and/or of her history of having a physical disability]: The Parties' positions are set forth under Undisputed Instruction No. 3 (Claims and Defenses – 9th Cir. Civ. Model Instruction 1.5 (2025)).

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 65

## AFFIRMATIVE DEFENSE—EMPLOYEE'S DUTY TO MITIGATE DAMAGES

A Place for Mom, Inc. claims that if Tarra Castillo is entitled to any damages, they should be reduced by the amount that Tarra Castillo could have earned from other employment. To succeed, A Place for Mom, Inc. must prove all of the following:

1. That employment substantially similar to Tarra Castillo's former job was available to her;

2. That Tarra Castillo failed to make reasonable efforts to seek and retain this employment; and

3. The amount that Tarra Castillo could have earned from this employment.

In deciding whether the employment was substantially similar, you should consider, among other factors, whether:

(a) The nature of the work was different from Tarra Castillo's employment with A Place for Mom, Inc.;

(b) The new position was substantially inferior to Tarra Castillo's former position;

(c) The salary, benefits, and hours of the job were similar to Tarra Castillo's former job;

(d) The new position required similar skills, background, and experience;

(e) The job responsibilities were similar; and

(f) The job was in the same locality.

In deciding whether Tarra Castillo failed to make reasonable efforts to retain comparable employment, you should consider whether Tarra Castillo quit or was discharged from that employment for a reason within her control.

**Authority**: CACI Civ. Model Instr. 3963 (2026)

86

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 66

## JURORS NOT TO CONSIDER ATTORNEY FEES AND COURT COSTS

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

**Authority**: CACI Civ. Model Instr. 3964 (2021)

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 67
## PUNITIVE DAMAGES – BIFURCATED TRIAL (FIRST PHASE)

If you decide that A Place for Mom's conduct caused Tarra Castillo harm, you must decide whether that conduct justifies an award of punitive damages. The amount, if any, of punitive damages will be an issue decided later.

At this time, you must decide whether Tarra Castillo has proved that A Place for Mom engaged in that conduct with malice, oppression, or fraud. To do this, Tarra Castillo must prove one of the following by clear and convincing evidence:

1.     That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of A Place for Mom who acted on behalf of A Place for Mom; or

2.     That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of A Place for Mom; or

3.     That one or more officers, directors, or managing agents of A Place for Mom knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that A Place for Mom acted with intent to cause injury or that A Place for Mom's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that A Place for Mom's conduct was despicable and subjected Tarra Castillo to cruel and unjust hardship in knowing disregard of her rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

88

"Fraud" means that A Place for Mom intentionally misrepresented or concealed a material fact and did so intending to harm Tarra Castillo or A Place for Mom.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

**Authority**: CACI Civ. Model Instr. 3946 (2026)

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 68
## PUNITIVE DAMAGES – INDIVIDUAL DEFENDANT - BIFURCATED TRIAL (FIRST PHASE)

If you decide that Tarra Castillo's conduct caused A Place for Mom harm, you must decide whether that conduct justifies an award of punitive damages. At this time, you must decide whether A Place for Mom has proved by clear and convincing evidence that Tarra Castillo engaged in that conduct with malice, oppression, or fraud. The amount, if any, of punitive damages will be an issue decided later.

"Malice" means that Tarra Castillo acted with intent to cause injury or that Tarra Castillo's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

"Oppression" means that Tarra Castillo's conduct was despicable and subjected A Place for Mom to cruel and unjust hardship in knowing disregard of its rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Tarra Castillo intentionally misrepresented or concealed a material fact and did so intending to harm A Place for Mom.

**Authority**: CACI Civ. Model Instr. 3941 (2026)

90

JOINT PROPOSED JURY INSTRUCTIONS

### INSTRUCTION NO. 69
### "FIDUCIARY DUTY" EXPLAINED

An employee owes what is known as a fiduciary duty to her employer. A fiduciary duty imposes on an employee a duty to act with the utmost good faith in the best interests of her employer.

**Authority**: CACI Civ. Model Instr. 4100 (2026)

91

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 70

## DUTY OF UNDIVIDED LOYALTY—ESSENTIAL FACTUAL ELEMENTS

A Place for Mom claims that it was harmed by Tarra Castillo's breach of the fiduciary duty of loyalty. An employee owes her employer undivided loyalty. To establish this claim, A Place for Mom must prove all of the following:

1. That Tarra Castillo was A Place for Mom's employee (this element is not disputed in this case);

2. That Tarra Castillo knowingly acted against A Place for Mom's interests in connection with changing lead data;

3. That A Place for Mom did not give informed consent to Tarra Castillo's conduct;

4. That A Place for Mom was harmed; and

5. That Tarra Castillo's conduct was a substantial factor in causing A Place for Mom's harm.

**Authority**: CACI Civ. Model Instr. 4102 (2026)

92

JOINT PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 71
## DISABILITY DISCRIMINATION – DEFINITIONS OF "PHYSICAL DISABILITY"

For purposes of the laws relating to employment discrimination, the phrase "physical disability" includes, but is not limited to, all of the following:

(1) Having any physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss that does both of the following:

a. Affects one or more of the following body systems: neurological, immunological, musculoskeletal, special sense organs, respiratory, including speech organs, cardiovascular, reproductive, digestive, genitourinary, hemic and lymphatic, skin, and endocrine.

b. Limits a major life activity.

(2) Any other health impairment not described in paragraph 1 that requires special education or related services;

(3) Having a record or history of a disease, disorder, condition, cosmetic disfigurement, anatomical loss, or health impairment described in paragraph 1 or 2 which is known to the employer;

(4) Being regarded or treated by the employer as having, or having had, any physical condition that makes achievement of a major life activity difficult; and

(5) Being regarded or treated by the employer as having, or having had, a disease, disorder, condition, cosmetic disfigurement, anatomical loss, or health impairment that has not present disabling effect but may become a physical disability as described in paragraph 1 or 2.

"Limits" shall be determined without regard to mitigating measures such as medication, assistive devices, prosthetics, or reasonable accommodations, unless the mitigating measure itself limits a major life activity.

93

JOINT PROPOSED JURY INSTRUCTIONS

"Major life activities" must be broadly construed and include physical, mental, and social activities, as well as working.

**Authority:** BAJI 12.13 (2026); Gov. Code § 12926 (m)

JOINT PROPOSED JURY INSTRUCTIONS

# PROOF OF SERVICE

I, Elizabeth Rodriguez, am employed in the County of Los Angeles, State of California.  I am over eighteen (18) years of age and not a party to the within action; my business address is 13181 Crossroads Parkway North, Suite 340, City of Industry, California 91746.

On April 13, 2026, I caused the following document(s) described as: **JOINT PROPOSED JURY INSTRUCTIONS** to be served on the interested party(ies) in this action addressed as follows:

| | |
|---|---|
| Matthew Donald Umhofer<br>Elizabeth A. Mitchell<br>UMHOFER, MITCHELL & KING LLP<br>767 S. Alameda Street, Suite 270<br>Los Angeles, CA 90021<br>Telephone: (213) 394-7979<br>Facsimile: (213) 529-1027<br>matthew@umklaw.com<br>elizabeth@umklaw.com<br>jenny@umklaw.com<br>calendaring@umklaw.com<br><br>Attorneys for Defendant, A Place For Mom, Inc. | C. Bryan Wilson<br>Jennalee Beazley<br>WILLIAMS & CONNOLLY LLP<br>680 Maine Avenue, S.W.<br>Washington, DC 20024<br>Telephone: (202) 434-5000<br>Facsimile: (202) 434-5029<br>cwilson@wc.com<br>jbeazley@wc.com<br><br>Attorneys for Defendant, A Place For Mom, Inc |

(**X**) (**BY ELECTRONIC MAIL)**: Pursuant to the consent of the parties to email service, and pursuant to the California Rules of Court, I electronically served the above-referenced document(s) to the e-mail addresses listed above.  A true and correct copy of the transmittal will be produced if requested by any party or the Court.

**FEDERAL**

(**X**)  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America of the State of California that the foregoing is true and correct.

Executed on **April 6, 2026**, at City of Industry, Los Angeles County, California.

_____
Elizabeth Rodriguez

1